UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICOLE TAYLOR REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00380-MHT-CSC |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BIG LOTS STORES, INC.'S
## FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Big Lots Stores, Inc. ("Big Lots" or the "Company") hereby requests that Plaintiff Nicole Taylor Reed ("Plaintiff") answer the following Interrogatories within thirty (30) days of service and in accordance with the following Instructions and Definitions.

### INSTRUCTIONS

A.    These Interrogatories are continuing in nature, and Plaintiff shall promptly supplement her answers if she, or anyone acting on her behalf, obtains further or different information after the initial answers are served.

B.    Plaintiff is to furnish all information available to her, including information known to her attorneys, agents, investigators, employees, representatives, or other persons acting on her behalf.

C.    If Plaintiff objects to an Interrogatory, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of an Interrogatory, the remaining portion of the Interrogatory is to be answered

notwithstanding the objection. If Plaintiff objects to the scope or time period of an Interrogatory, the objection is to be stated and the Interrogatory answered for the scope and time period which Plaintiff believes is appropriate.

D.      If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Plaintiff's inability to answer. If for any reason an answer is qualified, set forth the details of such qualification.

E.      Should Plaintiff assert a privilege as to any information that is requested, specify the general subject matter of the information and the basis for the contention that such information is privileged.

F.      Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

G.      Any word formed in the singular shall also be read in the plural, and vice versa.

H.      Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

I.      Any pronoun in the masculine gender shall also be read in the feminine gender, and vice versa.

J.      If any document identified was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

K.      In accordance with Rule 33 of the Federal Rules of Civil Procedure, the answers to these Interrogatories are to be made in writing under oath, and are to be signed by the person making them. Any objections are to be signed by the attorney(s) making them.

## DEFINITIONS

A.    As used herein, the term "document" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever of which Plaintiff has knowledge, whether or not such documents are in Plaintiff's possession, custody, or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

B.    The terms "identify" and "identity," when used with reference to a natural person, mean the person's full name, present position and employer, present residential and business address, and present residential and business telephone number. When used with reference to an entity other than a natural person, the terms mean the entity's full name, the address of its principal office or place of business, its business telephone number, and the identity of the officer, representative, agent or employee, current or former, who has any knowledge or information pertaining to the subject matter of the Interrogatory. When used with reference to a document, the terms mean the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), and name and address of its present custodian. When used with reference to a communication, the terms mean the type of communication (oral statement, telephone conversation, etc.), the date it was made, the identity of the person(s) making it, the identity of the recipient(s), the identity of any witness(es), and the substance of the contents.

C.    As used herein, the term "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-

3

public entities, corporations, partnerships, groups, mutual or joint ventures, and other forms of organizations or associations.

D.    "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

E.    The phrase "describe in detail" calls for a complete description of all facts which are pertinent to the act, occurrence, or event in question, including where applicable, the date, time, place, circumstance, nature, substance, description, or explanation of the act, event, or occurrence, and the identity of all persons or entities involved in the act, event, or occurrence.

F.    The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Provide the complete addresses of all locations where you have resided in the last ten (10) years and, for each such location, provide the dates of residence.

### RESPONSE:

**INTERROGATORY NO. 2:**

Identify all high schools, colleges, universities, trade schools, special skill classes, or other educational institutions you have attended or educational programs in which you have participated, and, for each such institution or program, specify:

      a.     the name and address of such institution or program;

      b.     the dates you attended such institution or participated in such program;

      c.     your grade point average;

      d.     all degrees, diplomas, certifications, or licenses sought and/or obtained from each such institution or program; and

      e.     the date you obtained each such degree, diploma, certification, or license.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify by name, address, and telephone number each person or entity for whom you performed services during the ten (10) year period <u>prior to your employment with Big Lots and during your employment with Big Lots</u> (including self-employment), and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify by name, address, and telephone number each person or entity for whom you have performed services since your employment with Big Lots ended, and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail all efforts you have made to obtain other employment since your employment with Big Lots ended, including, but not limited to, the name and address of any prospective employer or employment agency you contacted or that contacted you regarding potential employment, the method and date of each such contact, the position sought and the associated salary, the identity of the employer representative(s) you contacted or with whom you spoke, and the results of each such contact, including whether you were offered employment or whether you were rejected.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify by name and address any physician, psychologist, healthcare provider, social worker, counselor, or other individual (or entity) with whom you have sought, and/or are currently seeking treatment or counseling for physical or emotional pain, suffering, inconvenience, mental anguish, stress, or anxiety allegedly caused by Big Lots, including the dates of each such treatment.

**RESPONSE:**

**INTERROGATORY NO. 7:**

If you have been examined by, treated by, or have otherwise consulted with a physician, psychiatrist, psychologist, therapist, or other healthcare provider in the last ten (10) years, identify each such healthcare provider by name and address and provide the dates of each such examination, treatment, or consultation, and a description of any complaint, examination results, diagnosis, treatment, and prognosis. The scope of this Interrogatory includes, but is not limited to, any healthcare provider from whom you have received treatment in connection with any allegations in this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Please state the name and dosage of any medications that have been prescribed to you in the last ten (10) years, and, for each medication, provide the name and address of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify by name, date, agency, or court any judicial and administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party or witness and describe the nature of the proceeding, including the subject matter, location, jurisdiction, nature of your involvement, including any testimony you may have given, and the outcome or present status.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify each charge or complaint that you have ever filed with any government agency, and describe in detail the nature of the charge(s) or complaint(s) and the outcome(s).

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify all persons with whom you have communicated concerning the facts, allegations, or issues involved in this action, including, without limitation, any current or former employees of Big Lots, and describe in detail the substance, date, time, and location of each communication.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Describe in detail any complaint you made to any Big Lots employee or representative concerning harassment, discrimination, or retaliation, or other unlawful conduct, including, but not limited to, the name and title of the individual to whom you complained, the date of such complaint, the precise nature of the complaint (specifying your statements), and the response of the person to whom you complained.

**RESPONSE:**

**INTERROGATORY NO. 13:**

State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned on your behalf in connection with this litigation.  If your answer is in the affirmative, identify the person(s) giving such statement(s), the date(s) of the statement(s), identify all persons who have present custody of the statement(s), identify any person who has seen or examined such statement(s), and describe the statement(s) in detail.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify each person having personal knowledge of any facts or matters that support or controvert your claims or allegations in this action, and describe in detail the nature and extent of the knowledge possessed by each such person.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Identify each person whom you may call as a witness at the trial of this case, and, for each such person, state the substance of the testimony he or she is expected to give.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Identify each document, communication, photograph, audiotape, videotape, computer file, electronic communication or file, or other recording that refers or relates to any facts or matters alleged in the Complaint, including the relief sought, or in your answers to these Interrogatories, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify and state the qualifications and areas of expertise of each person you intend to call as an expert witness for any issue in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each opinion, all documents and other information which have been provided to or received from each such person, and any additional information set forth in FED. R. CIV. P. 26(a)(2)(A) and (B).

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify any expert who has been consulted, retained, or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called at trial.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Itemize all damages you claim to have suffered as a result of the alleged unlawful conduct by Big Lots, and specify the nature of the damages, the dollar amount, and how you calculate the amount. Please fully answer this Interrogatory with all information available at this time and timely supplement your response in accordance with the Federal Rules of Civil Procedure.

**RESPONSE:**

Respectfully submitted this 25th day of July, 2006.

Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:    404-525-8200
Facsimile:     404-525-1173

LOCAL COUNSEL:

Joseph T. Carpenter
Alabama Bar No. 5114C59J
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama  36106
Telephone:    334-213-5600
Facsimile:     334-213-5650

ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Gregory L. Smith, Jr., do hereby certify I have served Plaintiff with the foregoing

**DEFENDANT BIG LOTS STORES, INC.'S FIRST SET OF INTERROGATORIES** by

causing a copy to be sent via certified mail, return receipt requested, to:

Nicole Taylor Reed
1148 Barley Drive
Montgomery, Alabama 36111

This, the 25ᵗʰ day of July, 2006.

Gregory L. Smith, Jr.