UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICOLE TAYLOR REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| BIG LOTS STORES, INC., | ) 2:06-CV-00380-MHT-CSC |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT BIG LOTS STORES, INC.'S MEMORANDUM
IN SUPPORT OF SECOND MOTION TO COMPEL**

Defendant Big Lots Stores, Inc. ("Big Lots"), by undersigned counsel and pursuant to FED. R. CIV. P. 37, files this Memorandum in Support of its Second Motion to Compel (the "Motion"). Through its Motion, Big Lots asks the Court to issue an order compelling Plaintiff's responses to Big Lots' initial written discovery. Big Lots also seeks an award of costs and fees incurred in preparing and filing its Motion and supporting memorandum.

**I. RELEVANT FACTS**

1.

On July 25, 2006, counsel for Big Lots served Plaintiff with Big Lots' First Set of Interrogatories and First Requests for Production at her home address via certified mail. See Def.'s First Set of Interrogatories and First Requests for Production, Certificates of Service, dated July 25, 2006, attached as Ex. A; Smith Letter dated July 25, 2006, attached as Ex. B.

2.

On July 27, 2006, Ronald Adams signed for receipt of Big Lots' First Set of Interrogatories and First Requests for Production on Plaintiff's behalf. See Return Receipt dated July 27, 2006, attached as Ex. C.

1

3.

On September 7, 2006, counsel for Big Lots sent Plaintiff a letter via certified mail and Federal Express overnight delivery advising her that her discovery responses were untimely and that Big Lots would file a motion to compel or motion to dismiss with the Court if counsel for Big Lots did not receive her responses or otherwise hear from her by September 15, 2006. See Smith Letter dated September 7, 2006, attached as Ex. D. Both copies were delivered to Plaintiff's address. See Return Receipt dated September 11, 2006, attached as Ex. E; Federal Express Tracking Statement dated September 8, 2006, attached as Ex. F.

4.

To date, Plaintiff has not served Big Lots with her responses to Big Lots' First Set of Interrogatories and First Requests for Production. Plaintiff also has not otherwise responded to defense counsel's letter of September 7, 2006.

5.

On October 11, 2006, Big Lots filed a Motion to Compel Plaintiff's delinquent discovery responses. [Doc. 19.] The Court issued an Order on October 13, 2006 denying Big Lots' Motion to Compel and directing both parties to hold a good faith conference within twenty (20) days. [Doc. 20.]

6.

Since the Court's Order of October 13, 2006, counsel for Big Lots has attempted to contact Plaintiff many times in efforts to schedule and conduct the good faith conference. Specifically, Big Lots' counsel has called the two phone numbers listed on Plaintiff's Complaint numerous times, including October 18, October 23, and October 24, 2006.

7.

One of the numbers listed on the Complaint, which is identified as Plaintiff's cell phone number, has a recorded message that states the line is temporarily not in service. Defense counsel has tried to reach Plaintiff at this number multiple times. On October 18, 2006, an unidentified female answered the other number listed on the Complaint (presumably Plaintiff's home number) and, when defense counsel asked to speak to Plaintiff, she hung up the phone without a response. Defense counsel called the number again, but no one answered and there was no answering machine. Defense counsel left detailed recorded messages for Plaintiff at the same number on October 23 and 24. In these messages, the undersigned counsel stated he was

calling pursuant to the Court's Order to conduct the good faith conference concerning her delinquent discovery responses, and he requested that Plaintiff return the calls as soon as possible. To date, Plaintiff has not returned these calls, and Big Lots' counsel has been unable to schedule or conduct the good faith conference directed by the Court.[1]

8.

Counsel for Big Lots also has attempted to call Plaintiff at the phone numbers listed in the personnel file maintained by Big Lots. One of the numbers is out of service. There has been no answer at the other number and the answering machine is apparently full and will not allow the caller to leave a message.

9.

Pursuant to the Court's Scheduling Order of July 24, 2006, discovery in this matter was scheduled to be completed on or before October 23, 2006. [Doc. 16.]

## II. DISCUSSION

Counsel for Big Lots served Plaintiff with Big Lots' First Set of Interrogatories and First Requests for Production via certified mail on July 25, 2006. See Exs. A, B, and C. On September 7, 2006, counsel for Big Lots sent Plaintiff a good faith letter via certified mail and Federal Express overnight delivery advising Plaintiff that her discovery responses were untimely and that Big Lots would file a motion to compel or motion to dismiss with the Court if counsel for Big Lots did not receive her responses or otherwise hear from her by September 15, 2006. See Ex. D. Both copies were delivered to Plaintiff's address. See Exs. E and F.

Plaintiff's responses to Big Lots' First Set of Interrogatories and First Requests for Production were due within thirty days after service, on or before August 28, 2006. See FED. R. CIV. P. 33, 34. To date, Plaintiff has wholly failed to respond to Big Lots' written discovery. In its Order of October 13, 2006, the Court directed both parties to hold a good faith conference

---

[1] On October 19, 2006, Plaintiff called and left a message for defense counsel, stating only: "I will call you back as soon as I can." However, she has not called defense counsel again.

within twenty (20) days.  As discussed in § I, above, defense counsel has made numerous efforts to reach Plaintiff by phone to schedule and conduct the good faith conference directed by the Court in its October 13 Order.  Plaintiff, on the other hand, has made no efforts to participate in a good faith conference.  Because Plaintiff continues to be completely uncooperative, defense counsel has been unable to hold a good faith conference, despite many efforts.

Big Lots has been severely prejudiced by Plaintiff's refusal to provide timely discovery responses.  Such refusal has precluded Big Lots from properly and fairly preparing its defense.[2]  The discovery deadline of October 23, 2006 has come and gone.  Without Plaintiff's discovery responses, Big Lots has been unable to obtain her medical and employment records or take the depositions of Plaintiff and any other key witnesses.[3]  Accordingly, pursuant to FED. R. CIV. P. 37(a)(2)(B), Big Lots seeks an Order compelling Plaintiff's delinquent responses to Big Lots' discovery.  Further, in accordance with FED. R. CIV. P. 37(a)(4), Big Lots requests its expenses incurred in preparing and filing its Motion and supporting memorandum, including attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, Big Lots asks the Court to issue an order compelling Plaintiff's responses to Big Lots' First Set of Interrogatories and First Requests for Production.

---

[2] Big Lots also notes that Plaintiff has not returned authorizations for the release of her medical and psychiatric records, which were requested by defense counsel in a letter dated July 25, 2006, see Ex. G, and she has not served her Initial Disclosures, as required by FED. R. CIV. P. 26.

[3] Additionally, Plaintiff has not cooperated in efforts to schedule her deposition.  Counsel for Big Lots requested Plaintiff's available dates for her deposition in their letter of July 25, 2006.  See Ex. B.  When Plaintiff failed to respond by August 14, Big Lots' counsel noticed Plaintiff's deposition for September 27, 2006.  On or about September 12, 2006, Plaintiff called the office of Big Lots' local counsel, Carpenter, Ingram & Mosholder, LLP, and "cancelled" her deposition scheduled for September 27.

Further, Big Lots respectfully requests that Plaintiff be required to pay all expenses incurred by Big Lots in preparing and filing its Motion and supporting memorandum, including attorneys' fees.

Respectfully submitted, this 16th day of November, 2006.

> Stephen X. Munger
> Georgia Bar No. 529611
> Gregory L. Smith, Jr.
> Georgia Bar No. 658369
> JACKSON LEWIS LLP
> 1900 Marquis One Tower
> 245 Peachtree Center Avenue, N.E.
> Atlanta, Georgia  30303-1226
> Telephone:    404-525-8200
> Facsimile:    404-525-1173
>
>
> LOCAL COUNSEL:
> /s/ Joseph T. Carpenter
>
>
> Joseph T. Carpenter
> Alabama Bar No. 5114C59J
> CARPENTER, INGRAM & MOSHOLDER, LLP
> 303 Sterling Centre
> 4121 Carmichael Road
> Montgomery, Alabama  36106
> Telephone:    334-213-5600
> Facsimile:    334-213-5650
>
> ATTORNEYS FOR DEFENDANT
> BIG LOTS STORES, INC.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICOLE TAYLOR REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| BIG LOTS STORES, INC., | ) 2:06-CV-00380-MHT-CSC |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify I have served Plaintiff with the foregoing **DEFENDANT BIG LOTS STORES, INC.'S MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL** by causing a copy to be sent via certified mail, return receipt requested, to:

Nicole Taylor Reed
1148 Barley Drive
Montgomery, AL  36111

This 16th day of November, 2006.

/s/ Joseph T. Carpenter
Joseph T. Carpenter
Alabama Bar No. 5114C59J

Big Lots/Reed
Formal Papers
Z:\6770\GLS Memorandum in Support of Second Motion to Compel.doc

Case 2:06-cv-00380-MHT-CSC    Document 22    Filed 11/16/2006    Page 7 of 7