UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICOLE TAYLOR REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00380-MHT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

Plaintiff Nicole Taylor Reed ("Plaintiff") filed this action against Defendant Big Lots Stores, Inc. ("Defendant") on April 26, 2006. On June 22, 2007, the Court entered judgment in favor of Defendant. [Docs. 39, 40.] The Court also awarded Defendant its costs. [Doc. 39.] Accordingly, Defendant now submits this Brief in Support of its Bill of Costs.

**I.    ARGUMENT**

For a Bill of Costs to be recoverable, it must fall within a category of taxable costs enumerated in 28 U.S.C. § 1920 or another specific statute. See, e.g., Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 351 (N.D. Ga. 1992). Taxable costs pursuant to 28 U.S.C § 1920 include:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees and exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this Title; and

1

(6)  compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this Title.

28 U.S.C. § 1920.

Defendant is entitled to recover the following costs:

A. **Photocopying Costs**

Pursuant to 28 U.S.C. § 1920(4), Defendant is entitled to recover photocopying expenses it incurred for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990), the court held a prevailing party may recover copying charges attributable to discovery, charges for copies of pleadings, correspondence, and other documents tendered to the adverse party, charges for copies of exhibits and documents prepared for the court's consideration, and charges for copies of pleadings, motions, and memoranda which were provided to the court. See also Loughan v. Firestone Tire and Rubber Co., 749 F.2d 1519, 1526 n.2 (11th Cir. 1985). Accordingly, Defendant seeks recovery for costs of documents it necessarily photocopied for discovery purposes. Defendant necessarily incurred $211.23 in copying costs. This figure is based on the need to serve Plaintiff, who proceeded pro se, with a copy of all documents filed with the Court, at a cost of $0.20 cents per page. The total sum for copying costs for pleadings and discovery documents Defendant's counsel internally prepared is $63.80. A listing of the documents served and a calculation of these expenses is attached as Exhibit A. Additionally, Defendant incurred $147.43 in expenses paying for third parties to copy subpoenaed discovery documents and for the necessary services of a process server. Documentation of these expenses is attached as Exhibit B.

2

Such costs were necessarily incurred by Defendant in this case and were not merely for counsel's convenience. Accordingly, Defendant respectfully requests the Court tax $211.23 as necessary expenses Defendant may recover pursuant to 28 U.S.C. § 1920(4).

**B.  Costs Incident To Taking Depositions**

Costs incident to the taking of depositions "necessarily obtained for use in the case" are recoverable by the prevailing party pursuant to 28 U.S.C. § 1920(2). See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000); Loughan, 749 F.2d at 1526, n.2; Newman v. A. E. Stanley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981). A deposition must appear to be reasonably necessary at the time the deposition is taken for costs to be recoverable. Costs that are incurred only for the convenience of counsel are not recoverable. See W&O, Inc., 213 F.3d at 620; DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga. 1993). Costs related to the deposition(s) of a party are recoverable. See W&O, Inc., 213 F.3d at 662.

Defendant necessarily deposed and obtained the deposition transcript of Plaintiff for its defense in this case. Indeed, Defendant relied on pertinent excerpts from the deposition of Plaintiff in support of its Motion for Summary Judgment. Documentation of these expenses, totaling $1,160.35 is attached as Exhibit C. Accordingly, Defendant respectfully requests the Court tax $1,160.35 in costs for deposition expenses it may recover pursuant to 28 U.S.C. § 1920(2).

## II. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests the Court tax costs in the amount totaling $1,371.58. Defendant necessarily incurred these costs defending this action and should now recover these costs from Plaintiff in accordance with the Court's Order of June 22, 2007. [Doc. 39.]

Respectfully submitted this 5th day of July, 2007.

                                          Stephen X. Munger
                                          Georgia Bar No. 529611
                                          Gregory L. Smith, Jr.
                                          Georgia Bar No. 658369
                                          JACKSON LEWIS LLP
                                          1900 Marquis One Tower
                                          245 Peachtree Center Avenue, N.E.
                                          Atlanta, Georgia 30303-1226
                                          Telephone:   404-525-8200
                                          Facsimile:    404-525-1173


LOCAL COUNSEL:                  s/ Joseph T. Carpenter
                                          Joseph T. Carpenter
                                          Alabama Bar No. 5114C59J
                                          CARPENTER, INGRAM & MOSHOLDER, LLP
                                          303 Sterling Centre
                                          4121 Carmichael Road
                                          Montgomery, Alabama 36106
                                          Telephone:   334-213-5600
                                          Facsimile:    334-213-5650

                                          ATTORNEYS FOR DEFENDANT
                                          BIG LOTS STORES, INC.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICOLE TAYLOR REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00380-MHT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I certify that on July 5, 2007 I served the foregoing **BILL OF COSTS, BRIEF IN SUPPORT OF DEFENDANT'S BILL OF COSTS,** and **AFFIDAVIT OF GREGORY L. SMITH, JR. IN SUPPORT OF DEFENDANT'S BILL OF COSTS** via certified mail to:

Nicole Taylor Reed
1148 Bailey Drive
Montgomery, AL 36111

s/ Joseph T. Carpenter
Joseph T. Carpenter
Alabama Bar No. 5114C59J